1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                No. 2:16-cr-00020-TLN

12                 Plaintiff,

13          v.                                 **ORDER DENYING DEFENDANTS'**
                                               **MOTION TO DISMISS**
14    MARTY MARCIANO BOONE, and
      RONDA BOONE,
15
                   Defendants.
16

17

18          This matter is before the Court on the Motion to Dismiss filed by Defendants Marty

19    Marciano Boone and Ronda Boone ("Defendants"). (ECF No. 112.) For the reasons set forth

20    below, the Court DENIES Defendants' motion, (ECF No. 112).

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

                                              1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Defendants were indicted in a Superseding Indictment issued on June 29, 2017. (ECF No. 60.) Count One charges Defendants with conspiring to launder money, in violation of 18 U.S.C. § 1956(h); Counts Two and Three charge Defendants with conducting transactions in criminally derived property, in violation of 18 U.S.C. § 1957; and Count Four charges Defendant Marty Boone with making and subscribing a false tax return, in violation of 26 U.S.C. § 7206(1). (ECF No. 60 at 1–7.) Trial is set for January 28, 2019. (ECF No. 109.)

Defendants filed the instant motion to dismiss on January 2, 2019. (ECF No. 112.) As best the Court can surmise, Defendants argue that the Superseding Indictment should be dismissed on the following grounds: (i) Defendants have yet to exhaust the administrative remedies available to them pursuant to 28 U.S.C. § 2675; (ii) Defendants "have not been informed of their rights by" their attorneys; (iii) Defendants are actually victims here, because an individual named Charles Sewell is the person who filed the fraudulent tax returns at issue in this case; (iv) this case should not move forward until it is first heard by an administrative law judge; (v) the charging document fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and (vi) the Court lacks subject-matter jurisdiction over this action. (ECF No. 112 at 1–3.) Defendants attached to their motion what appears to be a copy of an administrative claim directed to the Internal Revenue Service, which contains further details regarding Defendants' claim that it is Charles Sewell who should be held criminally liable for the misdeeds charged in the Superseding Indictment. (ECF No. 112 at 7–9.)

The United States filed an opposition to Defendants' motion to dismiss on January 17, 2019. (ECF No. 119.) The government's opposition points out that Defendants' motion relies primarily on civil rules and authorities, which are obviously inapposite in this criminal case. (ECF No. 119 at 2.) The government also argues that Defendants' motion should be denied because it is essentially a "defense involving their lack of intent" to commit the charged crimes, which must be presented to a fact-finder at trial rather than adjudicated by the Court on a motion to dismiss. (ECF No. 119 at 2.)

///

## II.    STANDARD OF LAW

A district court may hear via pretrial motion any defense to a criminal charge "that the court can determine without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).  A defense generally qualifies as one that may be considered via pretrial motion under this rule "if it involves questions of law rather than fact."  *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) (quoting *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986)).  For this reason, "[g]enerally, Rule 12(b) motions are appropriate to consider 'such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, [and] lack of jurisdiction.'"  *Id.* (alteration in original) (quoting *United States v. Smith*, 866 F.2d 1092, 1096 n.3 (9th Cir. 1989)).  Generally, a defendant moving to dismiss an indictment bears the burden of demonstrating a factual basis for such a motion to dismiss.  *See United States v. Ziskin*, 360 F.3d 934, 943 (9th Cir. 2003); *United States v. Lazarevich*, 147 F.3d 1061, 1065 (9th Cir. 1998).

## III.    ANALYSIS

### A.    Administrative Remedies

Defendants argue that the Court should dismiss the Superseding Indictment because Defendants have yet to exhaust their administrative remedies pursuant to 28 U.S.C. § 2675.  (ECF No. 112 at 1.)

The statutory provision relied upon by Defendants states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675.  By its very terms, this provision applies in cases involving "a claim against the United States for money damages."  *Id.*  No such civil claim is involved in this case because this is a criminal matter in which the United States is prosecuting Defendants for alleged violations of federal criminal laws as set forth in the Superseding Indictment.  (ECF No. 60.)  The statute cited by Defendants is inapplicable to this case.

Accordingly, 28 U.S.C. § 2675 cannot serve as a basis for the Court to dismiss the Superseding Indictment, (ECF No. 60).

### B. Communication With Counsel

Defendants argue that the Court should dismiss the Superseding Indictment because Defendants "have not been informed of their rights by" their attorneys. (ECF No. 112 at 1.) Defendant Ronda Boone is representing herself without benefit of counsel, (*see* ECF No. 64), so this ground for dismissal can only apply to Defendant Marty Boone, who is represented by counsel, (ECF No. 99).

While the Sixth Amendment grants criminal defendants a right to counsel, a criminal defendant "is not entitled to a particular lawyer with whom he can, in his view, have a 'meaningful attorney-client relationship.'" *United States v. Moore*, 159 F.3d 1154, 1158 (9th Cir. 1998) (quoting *Morris v. Slappy*, 461 U.S. 1, 3–4 (1983)). A criminal defendant is only denied the Sixth Amendment right to counsel where "the relationship between lawyer and client completely collapses." *Id.* Hence, a district court presented with a proper motion to substitute counsel should at least consider "the timeliness of the motion to dismiss counsel" as well as "whether the conflict between defendant and his counsel was so great that it resulted in a total lack of communication preventing an adequate defense." *United States v. McClendon*, 782 F.2d 785, 789 (9th Cir. 1986) (citing *United States v. Mills*, 597 F.2d 693, 700 (9th Cir. 1979)).

The Court is unaware of any authority holding that a criminal defendant's dissatisfaction with his attorney may serve as a basis for dismissing an indictment. Defendants have certainly not pointed to any such authority with specificity, citing only generally to Title 28 of the United States Code. (ECF No. 112 at 1.) Furthermore, even if Marty Boone had identified some significant failing on his counsel's behalf—which he has not—the remedy in such a circumstance would be for the Court to hear a motion to substitute counsel, *see Moore*, 159 F.3d at 1158, rather than to dismiss the Superseding Indictment entirely, *see Nukida*, 8 F.3d at 669 (setting forth examples of issues properly adjudicated via a motion to dismiss indictment).

Accordingly, whatever communication issues currently exist between Marty Boone and his counsel cannot serve as a basis for the Court to dismiss the Superseding Indictment, (ECF

No. 60).

C.    Charles Sewell

Defendants argue that the Superseding Indictment should be dismissed because they are victims and the truly culpable party in this case is an individual named Charles Sewell.  (ECF No. 112 at 2.)  According to Defendants, Sewell is the person who should be prosecuted because he is the "real party who filled out the paperwork" giving rise to the misconduct alleged in the Superseding Indictment.  (ECF No. 112 at 2.)  In essence, Defendants argue that they did not have the requisite intent to commit the crimes charged in the Superseding Indictment because they were unaware when they hired Sewell to file their taxes that he "was not qualified to do what he did."  (ECF No. 112 at 2.)

"A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence."  *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (quoting *United States v. Marra*, 481 F.2d 1196, 1199–1200 (6th Cir. 1973)).  "[T]he unavailability of Rule 12 in determination of general issues of guilt or innocence . . . helps ensure that the respective provinces of the judge and jury are respected."  *Nukida*, 8 F.3d at 670 (citing *Shortt Accountancy Corp.*, 785 F.2d at 1452).  It is beyond dispute that whether a defendant had the requisite intent to commit a crime is a question of fact for the jury.  *Morissette v. United States*, 342 U.S. 246, 255 (1952).

Whether Defendants harbored the requisite intent to conspire to launder money and to file false tax returns, (*see* ECF No. 60), is a question of fact for the jury to decide after presentation of the evidence, not for the Court to decide on a pretrial motion to dismiss, *Morissette*, 342 U.S. at 255.  Defendants' argument that Sewell is actually the one who is criminally culpable for the financial crimes charged in the Superseding Indictment amounts to an impermissible attempt to conduct "a summary trial of the evidence" via a motion to dismiss.  *Jensen*, 93 F.3d at 669.  The Court cannot insert itself at this stage into a "determination of general issues of guilt or innocence," such as the existence of criminal intent, without unduly interfering with "the respective provinces of the judge and jury."  *Nukida*, 8 F.3d at 670 (citing *Shortt Accountancy Corp.*, 785 F.2d at 1452).

1    Accordingly, Defendants' argument that it is really Sewell who is criminally liable for the

2    crimes charged in the Superseding Indictment cannot serve as a basis for the Court to dismiss that

3    charging document, (ECF No. 60).

4        D.      Administrative Law Judges

5    Defendants argue that the Superseding Indictment must be dismissed because Defendants

6    are "entitled to challenge the proper usage of this IRS FORM 1099OID before an administrative

7    law judge under title 5 USC 3105." (ECF No. 112 at 2.)

8    Generally, federal agencies are required to "appoint as many administrative law judges as

9    are necessary for proceedings required to be conducted in accordance with sections 556 and 557

10   of this title." 5 U.S.C. § 3105. Section 556 applies "to hearings required by section 553 or 554 of

11   this title to be conducted in accordance with this section," and sets forth the general manner in

12   which agency hearings before administrative law judges must proceed. *Id.* § 556.[1] Section 553

13   sets forth general requirements federal agencies must follow during the formal rulemaking

14   process, *id.* § 553, while section 554 describes requirements relating to notice, opportunities for

15   submitting facts and arguments, and issuance of decisions "in every case of adjudication required

16   by statute to be determined on the record after opportunity for an agency hearing," *id.* § 554.

17   Therefore, 5 U.S.C. § 3105 simply requires that every federal agency appoint a sufficient number

18   of administrative law judges to ensure that "every case of adjudication required by statute to be

19   determined on the record after opportunity for an agency hearing" can be heard in the manner set

20   forth in sections 553, 554, 556, and 557. *Id.* §§ 554, 3105.

21   Defendants do not point to any authority for the proposition that a criminal prosecution for

22   conspiracy to commit money laundering and for filing a false tax return is a "case of adjudication

23   required by statute to be determined on the record after opportunity for an agency hearing" prior

24   to adjudication in a district court. *Id.* Nor can they do so, considering that the Superseding

25   Indictment charges Defendants with violating multiple provisions of federal law, (ECF No. 60),

26   and "district courts of the United States . . . have original jurisdiction, exclusive of the courts of

27

28       [1]     Section 557 deals with additional procedural requirements to be followed "when a hearing is required to be conducted in accordance with section 556 of this title," including agency review, the required content of decisions made by an agency, and proceedings by which involved parties may submit certain materials prior to agency adjudication. 5 U.S.C. § 557.

the States, of all offenses against the laws of the United States," 18 U.S.C. § 3231.

Accordingly, Defendants' argument that they are entitled to a hearing before an administrative law judge prior to commencement of trial before the Court is insufficient to warrant dismissal of the Superseding Indictment, (ECF No. 60).

### E.    Failure to State a Claim

Defendants argue that the Superseding Indictment must be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim on which relief may be granted.  (ECF No. 112 at 2.)  Specifically, Defendants argue that the Superseding Indictment fails to state the legal duties Defendants were required to discharge, the statutory or regulatory bases for any such duties, the manner in which Defendants were negligent in carrying out any such duties, or the damages suffered by the United States as a result of Defendants' failure to discharge any such duties.  (ECF No. 112 at 2–3.)

The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts." Fed. R. Civ. P. 1.  Since this is a criminal and not a civil action, the Federal Rules of Civil Procedure are inapplicable.  Accordingly, Defendants' argument that the charges against them fail to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6) is insufficient to warrant dismissal of the Superseding Indictment, (ECF No. 60).

### F.    Lack of Subject-Matter Jurisdiction

Defendants argue that the Court lacks jurisdiction "under 12(b)(1) as the IRS is Administrative." (ECF No. 112 at 3.)  The Court presumes this to mean that Defendants believe the Court has no subject-matter jurisdiction over this action.  *See* Fed. R. Civ. P. 12(b)(1) (stating that a party in a civil action may assert lack of subject-matter jurisdiction by motion); Fed. R. Crim. P. 12(b)(1) (stating that a party "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits").

"The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  18 U.S.C § 3231. Since Defendants are charged with offenses against the laws of the United States, namely 18

U.S.C. §§ 1956(h) and 1957 as well as 26 U.S.C. § 7206(1), the Court has jurisdiction over this matter. (ECF No. 60.) Accordingly, Defendants' argument that the Court lacks subject-matter jurisdiction over the charges alleged is insufficient to warrant dismissal of the Superseding Indictment, (ECF No. 60).

**IV.    CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss, (ECF No. 112), is DENIED.

IT IS SO ORDERED.

Dated: January 25, 2019

Troy L. Nunley
United States District Judge