UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Respondent,<br><br>　　v.<br><br>MARTY MARCIANO BOONE, RONDA BOONE,<br><br>　　　　　Movants. | No.  2:16-cr-0020-TLN-DB<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Movants, federal prisoners proceeding pro se, have filed multiple motions to vacate, set aside, or correct their sentences pursuant to 28 U.S.C. § 2255. Pursuant to Rule 4 of the Rules Governing Section 2255 Cases and for the reasons set forth below, the Court will recommend that each of these motions be dismissed as frivolous and untimely.

**I.　　Procedural Background**

　　　　**a.　Criminal Prosecution**

　　　　On February 10, 2016, a grand jury returned an indictment against the Movants, who are spouses, charging them with one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), and one count of making and subscribing a false tax return in violation of 26 U.S.C. § 7206(1). (ECF No. 1.)

1

1    By superseding indictment filed June 29, 2017, Movants were charged with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (with the specified unlawful activity being mail fraud owing to the mailed refund check), and two substantive counts of money laundering in violation of 18 U.S.C. § 1957. (ECF No. 60). Marty Marciano Boone was further charged with making and subscribing a false tax return, in violation of 26 U.S.C. § 7206(1). (Id.)

A jury trial was held in January 2019 culminating in a guilty verdict for both Movants: (1) Marty Marciano Boone was found guilty on counts 1, 2, 3, and 4 of the Superseding indictment, and (2) Ronda Boone was found guilty on counts 1, 2, and 3 of the Superseding Indictment.

On November 14, 2019, Movant Marty Marciano Boone was sentenced to a total of 87 months in custody on the four counts. (ECF No. 227.) Movant Ronda Boone has not yet been sentenced.

**b.  Movants' Motions to Vacate, Set Aside, or Correct Sentence**

On May 1, 2019, Movants filed their first motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (ECF Nos. 175, 176.)

On June 6, 2019, Movants filed their second motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (ECF Nos. 202, 203.)

**II.    Screening Requirement**

Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a movant must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). Relief is warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion

thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rule 4 Governing Section 2255 Cases.

Rule 12 of the Rules Governing Section 2255 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.").

**III.   Analysis**

  **a.   The First Set of Motions to Vacate, Set Aside, or Correct Sentence**

In identical, though separately filed, motions for relief filed on May 1, 2019 (ECF Nos. 175, 176), Movants contend that they are "Aboriginal Indigenous Moorish-American[s]," they claim to be "Moorish American Moslems" who are members of the "Moorish American Republic," and they argue that they are immune from the jurisdiction of this court pursuant to "the [1787 and 1836] Peace and Friendship Treaty between Morocco and the U.S. …."

1    The Court has a duty to screen out frivolous claims, and so finds that the Peace and
2 Friendship Treaty referenced by the Movants is not a cognizable basis for relief under 28 U.S.C. §
3 2255. As noted by another district court addressing a similar claim, the Treaty of Peace and
4 Friendship "provided for the United States' diplomatic representation in Morocco and open
5 commerce at any Moroccan port on the basis of the 'most favored nation.' It also established the
6 principle of non-hostility when either country was engaged in war with any other nation. [¶] Most
7 importantly, the treaty provided for the protection of U.S. shipping vessels at the time when most
8 American merchant ships were at risk of harassment by various European warships." U.S. v.
9 Stokes, 2013 WL 2387763, at *3 (N.D. Ohio May 30, 2013) (citing the remarks of United States
10 Senator Bob Casey in 2012 on the 225th anniversary of the Morocco Peace and Friendship
11 Treaty, 158 Cong. Rec. S5727-01, 2012 WL 3100992 (daily ed. July 31, 2012)). Nothing in this
12 treaty exempts the Movants, by virtue of their nationality, from criminal prosecution in the United
13 States.

14    Claims based on the violation of the Treaty of Peace and Friendship have repeatedly been
15 found to be frivolous. See Bey v. Linder, No. 2:19-cv-1745 TLN DB PS, 2020 WL 5110357
16 (E.D. Cal. Aug. 31, 2020). See also Ingram El v. Crail, No. 2:18-cv-1976 MCE EFB PS, 2019
17 WL 3860192, at *3 (E.D. Cal. Aug. 16, 2019) ("Plaintiff's Moorish citizenship argument is a
18 frivolous attempt to establish diversity jurisdiction where none exits, and the ploy is not new.");
19 El-Bey v. North Carolina, No. 5:11-cv-00423-FL, 2012 WL 368374, at *2 (E.D. N.C. Jan. 9,
20 2012) ("any claim based on the contention that Plaintiffs are not subject to the laws of North
21 Carolina because of their alleged Moorish nationality and the Treaty of Peace and Friendship of
22 1787 is frivolous"); El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537, 558 (D. N.J. 2011) ("a
23 litigant's reliance on any Barbary Treaty, including on the Treaty with Morocco, for the purposes
24 of a civil suit raising claims based on the events that occurred within what is the United States'
25 geographical territory is facially frivolous.").

26    Because the motion fails to state a cognizable claim for habeas relief and because there are
27 no other asserted claims, the May 1, 2019, motion to vacate, set aside, or correct their sentences
28 pursuant to 28 U.S.C. § 2255 should be summarily dismissed. See Rubi v Wrigley, 2008 WL

191030, at *2 (E.D. Cal. Jan. 22, 2008) ("It is the duty of the Court to screen out frivolous applications and to eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.").

### b. The Second Set of Motions to Vacate, Set Aside, or Correct Sentence

On June 6, 2019, Movants filed a second set of motions to vacate, set aside, or correct their sentences pursuant to 28 U.S.C. § 2255. (ECF Nos. 202, 203.) As a preliminary matter, Movant Marty Marciano Boone filed the motions on behalf of himself and his wife, Ronda Boone. Movant Marty Marciano Boone, a federal prisoner proceeding pro se, may not represent Ronda Boone in these proceedings. See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (a litigant appearing pro se has no authority to represent anyone other than himself). Moreover, Ronda Boone did not sign the motion. See Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."); Rule 4 Governing Section 2255 Cases. Ronda Boone's motion (ECF No. 203) must therefore be dismissed because it is not properly before the Court.

As for Movant Marty Marciano Boone's motion, he makes eight arguments for relief, which are set forth here as best as the Court can determine: (1) pursuant to Dred Scott v. Sandford, 60 U.S. 393 (1857), "negroes are not U.S. citizens" and, therefore, any plea agreement entered into by Movant on January 31, 2019, is null and void; (2) the United States did not enter into a valid contract (the plea agreement) with Movant since any such contract must be governed by the Uniform Commercial Code ("UCC") and since the "owner" of the United States did not properly sign the agreement; (3) Movant "holds the inherent right of the 11th Amendment," and the United States is a corporation, meaning that the United States failed to state a claim against Movant under Federal Rule of Civil Procedure 12(b)(6); (4) the United States brought a criminal action against Movant even though the Rule 2 of the Federal Rules of Civil Procedure provides that "There is but one cause of action and that is civil"; (5) the government officials in this case failed to produce their oaths of office "and performance bonds with the US Secretary's of State, notarized, Seal on it, demonstrating that they are in fact lawful public officials of the United

1 States in order to be even qualified to contract with [Movant], on the government's behalf"; (6)
2 the prosecution brought charges even though the US attorney did not have first-hand knowledge
3 of the events, therefore relying on hearsay evidence; (7) venue is improper because the action
4 should have been brought "under chapter 97 JURISDICTIONAL IMMUNITIES OF FOREIGN
5 STATES as a Foreign State Court"; and (8) the contract (plea agreement) is void on the
6 aforementioned grounds and therefore Movant should be released from custody.

7 The Court has attempted to decipher and understand Movant's arguments. All of them are
8 unintelligible, irrational, or wholly baseless. None of them has any merit. For example, Movant's
9 argument that is premised on Dred Scott lacks merit in light of the Fourteenth Amendment of the
10 United States Constitution. U.S. Const. amend. XIII, § 1 ("All persons born or naturalized in the
11 United States, and subject to the jurisdiction thereof, are citizens of the United States and of the
12 state wherein they reside.") Several of Movant's arguments appear to argue that the Court did not
13 have jurisdiction over him. In fact, the Court's jurisdiction is premised on 18 U.S.C. § 3231, and
14 Movant has provided no authority or non-frivolous argument that suggests otherwise. Movant's
15 remaining arguments are nonsensical. Simply put, Movant does not provide any meaningful
16 argument that suggests he was sentenced in violation of the Constitution or the laws of the United
17 States. Nor has Movant established that the Court lacked jurisdiction at any time. Accordingly,
18 the Court should dismiss this second § 2255 motion as frivolous.

19                    **c.  All Motions to Vacate, Set Aside, or Correct Sentence are Premature**

20 As an alternative basis for dismissal, each of the motions before the Court is premature,
21 having been filed before either Movant had been sentenced and judgment entered. Indeed,
22 Movant Ronda Boone has not yet been sentenced as of the date of these findings and
23 recommendations. Accordingly, the motions should also be dismissed as premature.

24 **IV.     Conclusion**

25 Based on the foregoing, IT IS HEREBY RECOMMENDED that Movants' motions to
26 vacate, set aside, or correct their sentences pursuant to 28 U.S.C. § 2255 (ECF Nos. 175, 176,
27 202, 203) be summarily dismissed as frivolous and premature.

28

1    These Findings and Recommendations will be submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within
3 fourteen days after being served with these Findings and Recommendations, the parties may file
4 written objections with the Court.  The document should be captioned "Objections to Magistrate
5 Judge's Findings and Recommendations."  The parties are advised that failure to file objections
6 within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772
7 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).
8 Dated:  January 8, 2021

/DLB7;
DB/Inbox/Substantive/boon0020.scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE